UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE PAULK, JR.,

    Plaintiff,

v.                                                                                              Case No:   6:13-cv-1858-Orl-28TBS

CITY OF ORLANDO and ORANGE
COUNTY HOUSING AUTHORITY,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) and Motion for the Appointment of Counsel (Doc. 3). Upon due consideration I respectfully recommend that the motions be **denied**, Plaintiff's complaint be dismissed, and Plaintiff be granted leave to amend his complaint to state a cause of action.

### Background

Prior to determining whether Plaintiff qualifies to proceed in forma pauperis the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed.   Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the action fails to state a claim upon which relief may be granted.

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2).   Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).   "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief. Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

Plaintiff alleges he participated in the Orange County Housing and Community Development's Shelter Plus Care Program until he received a notice of termination on October 11, 2013. (Doc. 1 at 4). He alleges that the Orange County Housing Authority conspired with the City of Orlando to discriminate against him in public housing due to his criminal history. (Id. at 3-5). Plaintiff complains that Defendants' action directly violates his "Constitutional Civil Rights" as well as 42 U.S.C. § 3617. (Id.). He asks this Court to "estoppel/waiver the decision made to terminate [his] housing benefits . . ." (Id. at 4).

## Discussion

A. Cause of Action

Plaintiff alleges that Defendants' conduct violates 42 U.S.C. 3617, generally. (Doc. 1 at 3). Title 42, United States Code, Section 3617 allows a private right of action to an individual injured by a discriminatory housing practice declared unlawful in the Title, and provides that:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

As pled, Plaintiff's claim is inadequate because, among other things, he has failed to allege that he is a member of a protected class, which is a prerequisite under the

statute.  See Schwartz v. Bd. of Supervisors, Case No: 5:12-CV-177-Oc-34PRL, 2012 U.S. Dist. LEXIS 186773, at *15 (M.D. Fla. Nov. 21, 2012); Marton v. Lazy Days Prop. Owners Assoc., Case No. 2:10-cv-117-FtM-29DNF, 2011 U.S. Dist. LEXIS 38624, at *15 (M.D. Fla. Mar. 30, 2011); Woolington v. 1st Orlando Real Estate Servs., Case No. 6:11-cv-1107-Orl-31GJK, 2011 U.S. Dist. LEXIS 100426, at *5-6 (M.D. Fla. Sept.7, 2011); Binns v. City of Marietta Housing, CIVIL ACTION NO. 1:07-cv-0070, 2007 U.S. Dist. LEXIS 101546 (N.D. Ga. Mar. 1, 2007).  Individuals who have previously been incarcerated do not make up a protected class under the law.  See United States v. Phillips, 177 F. App'x 942, 954 (11th Cir. 2006); Morgan v. Flex Tec, Civil Action No. 5:12-CV-191 (MTT), 2012 WL 539840, at *2 (M.D. Ga. Nov. 5, 2012).

Plaintiff's claim is also inadequate because he has failed to identify a specific right guaranteed by the Constitution of the United States that Defendants have violated. Accordingly, I respectfully recommend that this claim be dismissed without prejudice and Plaintiff be given an opportunity to amend his complaint to state a cause of action.

B. Appointment of Counsel

There is no absolute right to counsel in civil cases, and the appointment of counsel is warranted only in "exceptional circumstances." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).  Exceptional circumstances may exist when the facts or legal issues are "so complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  In federal court, individuals may represent themselves or be represented through counsel permitted to practice before the court according to that particular court's rules. 28 U.S.C. § 1654.  Plaintiff has not demonstrated that his case constitutes an exceptional circumstance that warrants a deviation from the legal norm.

## Recommendation

Accordingly, I respectfully recommend that:

1. Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) be **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Motion for the Appointment of Counsel (Doc. 3) be **DENIED**;

3. Plaintiff's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff be **given fourteen (14) days from the entry of the District Court's Order** to amend both his complaint and in forma pauperis motion.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 30, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Pro Se Plaintiff
    Counsel of Record