UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE PAULK, JR.,

    Plaintiff,

v.                                    Case No:   6:13-cv-1858-Orl-28TBS

CITY OF ORLANDO and ORANGE
COUNTY HOUSING AUTHORITY,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's renewed Motion to Proceed in Forma Pauperis. (Doc. 14). Upon due consideration I respectfully recommend that the motion be **denied**, Plaintiff's complaint be dismissed, and that he be granted one final attempt to amend his complaint to state a cause of action.

### Background

Prior to determining whether Plaintiff qualifies to proceed in forma pauperis the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed in forma pauperis if the court is satisfied that the complaint fails to state a claim upon which relief may be granted.

On November 29, 2013, Plaintiff filed his original motion to proceed in forma pauperis. (Doc. 2). On December 30, 2013, I recommended that the district court deny the motion, dismiss the complaint, and give Plaintiff another opportunity to state a cause of action. (Doc. 6). On January 17, 2014, the district court adopted my report and recommendation and on February 6, 2014, after Plaintiff failed to amend his complaint by the deadline, the case was closed. (Docs. 6 and 9). On February 18, 2014, I granted

Plaintiff's motion to reopen the case after finding that good cause existed to do so. (Doc. 12). Plaintiff now renews his motion to proceed in forma pauperis. (Doc. 14).

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief. Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

## Discussion

Plaintiff's amended complaint alleges that Defendants' discriminated against him "solely based on race, retaliation, and physical disabilities." (Doc. 13 ¶ 2). His allegations are insufficient to state a cause of action for discrimination because they are nothing but conclusions for which he has not provided a factual basis. Ashcroft, 556 U.S. at 678 (Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting Twombly, 550 U.S. at 555). To sustain a claim for race discrimination in housing, Plaintiff must, at the very least, allege that he is a member of a protected class. See Schwartz v. Bd. of Supervisors, Case No: 5:12-CV-177-Oc-34PRL, 2012 U.S. Dist. LEXIS 186773, at *15 (M.D. Fla. Nov. 21, 2012); Marton v. Lazy Days Prop.

Owners Assoc., Case No. 2:10-cv-117-FtM-29DNF, 2011 U.S. Dist. LEXIS 38624, at *15 (M.D. Fla. Mar. 30, 2011); Woolington v. 1st Orlando Real Estate Servs., Case No. 6:11-cv-1107-Orl-31GJK, 2011 U.S. Dist. LEXIS 100426, at *5-6 (M.D. Fla. Sept.7, 2011); Binns v. City of Marietta Housing, CIVIL ACTION NO. 1:07-cv-0070, 2007 U.S. Dist. LEXIS 101546 (N.D. Ga. Mar. 1, 2007).  Here, Plaintiff has failed to specify his racial demographic, explain when he suffered discrimination, or identify his alleged offender. In an attachment to his amended complaint (Shelter Plus Care Pre-Referral Summary) he selected "Non-Hispanic" on the race identification section of the form.  (Doc. 13-1 at 5). This is insufficient to inform the Court of Plaintiff's racial group or satisfy the Rule 8 standard.  Therefore, Plaintiff has failed to adequately plead his claim for racial discrimination.[1]

    Plaintiff's disability based discrimination claim is also insufficient.  To prevail on his claim of disability discrimination, a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation.  Hawn v. Shoreline Towers Phase 1 Condominium Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009).  Plaintiff attached a doctor's certificate to his amended complaint showing that he is physically disabled.  (Doc. 13-1 at 6-7).  But, Plaintiff has not averred when, how, or why, after years in the program, he was discriminated against

---

[1] Also, to state a cause of action for discrimination in housing on the basis of race, Plaintiff is required to show that he was qualified to rent or purchase the housing for which he was rejected. See Williams v. Matthews Co, 499 F.2d 819, 826 (8th Cir. 1974), cert denied 419 U.S. 1021, 1027 (1974).  Plaintiff has offered no such proof.  The exhibits to Plaintiff's amended complaint suggest that at some point, he became ineligible for the program because his income exceeded the eligibility threshold and because he was non-compliant with program policies and procedures. (Doc. 13-1at 4, 14-15).

based upon his disability.   He has also failed to allege that he requested a reasonable accommodation which Defendants refused to make.   Therefore, Plaintiff's claim for disability discrimination is insufficient.

Lastly, Plaintiff alleges that Defendants discriminated against him as retaliation for a complaint he originally filed with the United States Department of Housing and Urban Development.   (Doc. 13 at 4).   On November 15, 2013, Defendants informed Plaintiff that his benefits were being terminated as of November 30, 2013, in part because of his habitual failure to comply with the policies and procedures of the program, including the requirement to participate in case management.   (Doc. 13-1 at 14-15).   When Plaintiff was informed of this in a hearing on the matter, he abruptly left and abandoned the proceeding.   (Id. at 15).   Plaintiff has failed to demonstrate that this non-discriminatory reason for terminating his benefits was pretextual or that Defendants "coerce[d], intimidate[d], threaten[ed], or interfere[d] with [his] exercise of rights" Dixon v. The Hallmark Co., Inc., 627 F.3d 849, 858 (11th Cir. 2010).   Therefore, his claim for retaliation-induced discrimination is also inadequate.

## Recommendation

Accordingly, I respectfully recommend that:

1. Plaintiff's Amended Motion to Proceed in Forma Pauperis (Doc. 14) be **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Amended Complaint (Doc. 13) be **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff be **given fourteen (14) days from the entry of the District Court's Order** to file one final amendment to his complaint and in forma pauperis motion.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 3, 2014.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Pro Se Plaintiff
    Any Counsel of Record