UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE PAULK, JR.,

      Plaintiff,

v.                                  Case No:   6:13-cv-1858-Orl-28TBS

CITY OF ORLANDO and ORANGE
COUNTY HOUSING AUTHORITY,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

     Pending before the Court is Plaintiff's Second Amended Complaint and Response to Order of 3/21/14 and Motion to Proceed (Forma Pauperis) (Doc 22).   Upon due consideration I respectfully recommend that the motion be **denied** and Plaintiff's Second Amended Complaint be **dismissed**.

### I. Background

     Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's complaint to determine whether it should be dismissed.   Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted.

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

On November 29, 2013, Plaintiff filed his original motion to proceed *in forma pauperis*.  (Doc. 2).   On December 30, 2013, I recommended that the district court deny the motion, dismiss the complaint, and give Plaintiff another opportunity to state a cause of action.   (Doc. 6).   On January 17, 2014, the district court adopted the report and recommendation and on February 6, 2014, after Plaintiff failed to amend his complaint by the deadline, the case was closed.   (Docs. 9 and 10).   On February 18, 2014, I granted Plaintiff's motion to reopen the case after finding that good cause existed to do so.   (Doc. 12).   On February 19, 2014, Plaintiff renewed his motion to proceed *in forma pauperis*.  (Doc. 14).   That motion was denied on March 21, 2014 and Plaintiff was given an opportunity to file a second amended complaint, which he did on April 3, 2014.   (Docs. 19, 21-22).

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2).   Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).   Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief. Tigner v. Internal Revenue Serv., No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000).

## II. Discussion

Plaintiff has abandoned his race-based discrimination claim and instead argues that Defendants discriminated against him in the provision of housing on the basis of his physical disability. (Doc. 22).   He attempts to assert a cause of action against Defendants for failure to provide reasonable accommodations under the Fair Housing Act, (FHA) 42 U.S.C. §§ 3601, *et seq.* (Doc. 21 at 1-2).   For purposes of the FHA, acts of discrimination include:

> (A) a refusal to permit **at the expense of the handicapped person**, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted.
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or
>
> (C) in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that –
>
> . . . .
>
>> (iii) all premises within such dwellings contain the following features of adaptive design:
>>
>>> (I)    an accessible route into and through the dwelling;
>>>
>>> (II)   light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;

> (III)   reinforcements in bathroom walls to allow
>         later installation of grab bars; and
>
> (IV)    usable kitchens and bathrooms such that
>         an individual in a wheelchair can
>         maneuver about the space.

42 U.S.C. § 3604(f)(3)(A)-(C) (emphasis added).

Courts in this Circuit have held that "the duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. Ely v. Mobile Hous. Bd., -- F. Supp. 2d --, 2014 WL 1356230, at *11 (S.D. Ala. April 7, 2014) (citing Schwartz v. City of Treasure Island, 544 F.3d 1201, 1219 (11th Cir. 2008)). To establish a prima facie case for a reasonable accommodations claim under the FHA, a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation. Hawn v. Shoreline Towers Phase 1 Condominium Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009).

Plaintiff alleges that:

> [He suffers from ongoing conditions, and] as a result [he] have [sic] mobility restrictions, restricts standing or sitting for long periods of time without necessary accommodations. Stiffness of joints with chronic pain. As a result the Plaintiff endured discriminatory terms and conditions, including but not limited to: refusal to make reasonable modifications, an altered management plan as a means to retaliate. The requested modifications were [sic] necessary yet denied, to afford Plaintiff an equal opportunity to use and enjoy the dwelling As a result the Plaintiff fell off Toilets seat (not modified (elevated) to accommodate as requested) which ultimately agitated an existing chronic condition.

(Id. at 1-2). Plaintiff's allegations are insufficient to sustain a reasonable accommodation claim.   First, he has not alleged that his enjoyment of the dwelling has been compromised because Defendants refused to make "reasonable accommodations in rules, policies, practices, or services."   Second, despite his allegation that he fell off the toilet seat as a result of Defendants' refusal to elevate the commode or otherwise accommodate him, Plaintiff has not alleged that he sought and Defendants refused him permission to modify the commode at his own expense.   Third, Plaintiff has not alleged that the dwelling was first available for occupancy after March 13, 1991 or that he operates a wheelchair and is unable to access the bathroom while utilizing this device. See 42 U.S.C. § 3604(f)(3)(A)-(C); Ernst v. Gateway Plaza Management Corp., No. 11 Civ. 1169(PAC)(RLE), 2012 WL 1438347, at *3 (S.D.N.Y. Mar. 14, 2012).   Accordingly, Plaintiff's claim for disability discrimination is inadequate and should be dismissed.

Plaintiff has also renewed his allegation that Defendants discriminated against him as retaliation for the complaint he originally filed with the United States Department of Housing and Urban Development. (Doc. 22 at 4).   On November 15, 2013, Defendants informed Plaintiff that his benefits were being terminated as of November 30, 2013, in part because of his habitual failure to comply with the policies and procedures of the program, including the requirement to participate in case management.   (Doc. 13-1 at 14-15).   When Plaintiff was informed of this in a hearing on the matter, he abruptly left and abandoned the proceeding.   (Id. at 15).   On October 10, 2013, Defendants advised Plaintiff that they were aware that he had "been non-compliant with the policies and procedures of [the Shelter Plus Care Program] SPC, specifically the requirement to participate in case management."   (Doc. 21-1 at 5).   Plaintiff has failed to demonstrate that this non-discriminatory reason for terminating his benefits was pre-textual or that

Defendants "coerce[d], intimidate[d], threaten[ed], or interfere[d] with [his] exercise of rights."   Dixon v. The Hallmark Co., Inc., 627 F.3d 849, 858 (11th Cir. 2010).   Therefore, his claim for retaliation-induced discrimination is also inadequate.

### III. Recommendation

Accordingly, I respectfully recommend that:

1. Plaintiff's Second Amended Complaint and Response to Order of 3/21/14 and Motion to Proceed (Forma Pauperis) (Doc 22), be **DENIED**;

2. Plaintiff's Second Amended Complaint (Doc. 21) be **DISMISSED;** and

3. The Clerk be directed to **CLOSE** the file.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
*Pro se* Plaintiff